UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKASHDEEP AKASHDEEP (A# 226-089-093),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-07315 DC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen and national of India who entered the United States without inspection on or about June 6, 2024. ECF No. 8-2 at 2 (Form I-213). Border Patrol agents encountered and arrested Petitioners shortly thereafter. Id. On June 9, 2024, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") administratively charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole). ECF No. 8-1 (NTA). Officials then released Petitioner on an order of recognizable pursuant to 8 U.S.C. § 1226(a). ECF No. 8-2 at 2.

On November 23, 2025, local law enforcement arrested Petitioner for unlawful use of weapon and menacing under Oregon state law. ECF No. 8-2 at 4. According to Petitioner's most

recent Form I-213 dated August 7, 2026, that charge is still pending. Id. On August 7, 2026, Immigrations and Customs Enforcement ("ICE") arrested Petitioner during a routine check-in at the San Francisco Field Office. Id. Petitioner is currently detained at the Mesa Verde ICE Processing Center within this judicial district. ECF No. 1 at 4, ¶ 18.

The petition alleges that Respondents have denied Petitioner access to a bond hearing in violation of 8 U.S.C. § 1226(a) (Count One) and the Due Process Clause of the Fifth Amendment (Count Two). ECF No. 1 at 9-10. Petitioner seeks a bond hearing before an immigration judge ("IJ") pursuant to § 1226(a). Id. at 10-11. Respondents do not dispute that Petitioner is detained pursuant to § 1226(a) and entitled to a bond hearing under that statute. ECF No. 8. Respondents also acknowledge Petitioner's prior release on recognizance but argue that he is not entitled to a pre-deprivation remedy because of his criminal history. Id. at 1-2. Petitioner did not file a reply.

## II. Due Process Analysis

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In determining whether Petitioner has a protected liberty interest, the Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued freedom from confinement. See Morrissey, 408 U.S. at 482 (finding a parolee had an interest in his continued liberty); Young v. Harper, 520 U.S. 143, 150 (1997) (applying Morrissey to pre-parole release); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (finding probationers have a liberty interest). Therefore, the undersigned finds that petitioner acquired a liberty interest in his continued

freedom based on ICE's decision to release him in 2024. See Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1175 (E.D. Cal. 2025) (citing Morrissey, 408 U.S. at 481).

As for the procedures necessary to safeguard that interest, the District Judge assigned to this case has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on an order of recognizance under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); Altin v. Chestnut, No. 1:26-CV-00792-DC-CSK (HC), 2026 WL 309563, at *6–7 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

Contrary to Respondents' core argument, the Ninth Circuit in Rodriguez Diaz did not uphold the facial constitutional of § 1226(a)'s procedures in the circumstance presented here. "Rodriguez Diaz's holding that a 'bond hearing provided under section 1226(a) provides constitutionally sufficient process' is limited to "those noncitizens who have never previously been detained and released by DHS[.]" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025); see also Gagik T. v. Chestnut, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (Rodriguez Diaz addressed the adequacy of the burden allocation at a bond hearing for a person *already in custody*; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process.") (emphasis in original). Accordingly, the undersigned finds that Petitioner's re-detention without pre-deprivation notice and hearing violated due process and recommends that the petition be granted on Count Two.

////

### III. Remedy

Although Petitioner seeks only a bond hearing, the undersigned is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Respondents maintain that because of Petitioner's November 2025 arrest, the appropriate remedy, if any, is a post-deprivation hearing as opposed to immediate release. ECF No. 8 at 3.

Petitioner's arrest may be relevant to an IJ's ultimate danger or flight risk analysis. However, in this case, "there is no evidence, nor has respondent presented any argument, suggesting that there was 'the necessity of quick action' by ICE such that petitioner could not have been provided a pre-deprivation hearing after being released from local custody." Hidalgo v. Warden of the California City Det. Facility, No. 1:26-CV-3511-DC-JDP, 2026 WL 1707795, at *1 (E.D. Cal. June 12, 2026). ICE detained Petitioner at a routine check-in in August 2026, more than eight months after his arrest, and Respondents have not offered a specific reason for foregoing a pre-deprivation hearing other than a generic reference to Petitioner's "previous encounters with law enforcement." ECF No. 8 at 3. For these reasons, the undersigned recommends that Respondents be ordered to immediately release Petitioner.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 2) be granted on Count Two (Due Process Clause).[1]

2. Respondents be ordered to immediately release Petitioner AKASHDEEP AKASHDEEP (A# 226-089-093).

3. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days notice to Petitioner and provide Petitioner with a bond hearing before an immigration

[1] In the interests of judicial economy, the undersigned does not address the petition's other claim.

judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The Clerk be directed to serve the Mesa Verde ICE Processing Center with any order of release issued in this case.

6. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE