UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKASHDEEP AKASHDEEP (A# 226-089-093),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-07315-DC-SCR (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 9) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 2.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 5, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 9.) On October 12, 2026, Respondents objected to the magistrate judge's "finding that due process requires a pre-deprivation hearing prior to redetaining [a noncitizen] under 8 U.S.C. § 1226(a), particularly when, as in this case, the alien has been arrested and charged with a criminal offense." (Doc. No. 11 at 1.) Citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), Respondents assert that because the Ninth Circuit has held that "section 1226(a)'s procedures satisfy due process," "the type of additional procedures the F&Rs seeks to impose are not required" and "any finding

that the government must hold a predeprivation hearing at which it bears the burden of proof cannot be reconciled with *Rodriguez Diaz*." (*Id.* at 1–2.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.

Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See, e.g., Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

Moreover, Respondents neither argue nor explain why Petitioner's criminal history renders inapplicable this court's previous determination that noncitizens previously released into the United States are entitled to a pre-deprivation bond hearing before they can be re-detained. The undersigned is unpersuaded that the mere mention of Petitioner's arrest—which occurred nearly ten months before his immigration detention and which the criminal justice system is managing through ongoing criminal proceedings—is sufficient to explain why Petitioner was not entitled to due process before his immigration detention. (*See* Doc. Nos. 8 at 1; 8-2 at 4; 11 at 1); *see also Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); *Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for

the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest).

Lastly, this court has held that a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned liberty. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD (HC), 2026 WL 2949219, at *4–6 (E.D. Cal. Oct. 1, 2026) (rejecting the respondents' suggestion that *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) foreclosed due process relief in cases where the government seized "a person after years of government-sanctioned liberty without affording any prior process," and ordering that the petitioner be returned to the status quo ante litem) (citation modified). Thus, Respondents' objections provide no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 5, 2026 (Doc. No. 9), are ADOPTED;
2. Petitioner Akashdeep Akashdeep's (A-226-089-093) petition for a writ of habeas corpus (Doc. No. 2), is GRANTED;
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in August 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Dena Coggins
United States District Judge